NO. 12-01-00119-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


 ISMAEL TIERRABLANCA, § APPEAL FROM THE 208TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF 



THE STATE OF TEXAS,

APPELLEE § HARRIS COUNTY, TEXAS


 




PER CURIAM

 Ismael Tierrablanca ("Appellant") pleaded guilty to aggravated sexual assault. The trial court
deferred adjudication of guilt and placed Appellant under community supervision for six years.
Subsequently, the State filed a motion to adjudicate guilt alleging that Appellant failed to perform
the required community service and that Appellant had unsupervised contact with a minor. 
Appellant pleaded true to these allegations and the trial judge revoked Appellant's probation and
sentenced Appellant to imprisonment for six years. Appellant filed a pro se notice of appeal. 
Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738 (1967) and
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738
(1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969), stating that she has diligently
reviewed the appellate record and is of the opinion that the record reflects no reversible error and that
there is no error upon which an appeal can be predicated. Appellant's counsel further relates that
she is well-acquainted with the facts in this case. In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological
summation of the procedural history of the case, and a discussion of the hearing on adjudication, and
further states that Appellant's counsel is unable to raise any arguable issues for appeal. (1) We have
likewise reviewed the record for reversible error and have found none.

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and finding no reversible error, Appellant's counsel's motion for
leave to withdraw is hereby granted and the trial court's order revoking appellant's probation is
affirmed.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















(DO NOT PUBLISH)
1. Counsel for Appellant provided Appellant with a copy of this brief and Appellant was given time to file
his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.